## DAVID LEAHEY *v.* ISAAC K. ALLEN.

### *Assumpsit.*

In assumpsit for lumber sold and delivered, the plaintiff's evidence tended to show that he and W. owned the lumber together, but that he sold it to the defendant in his own name, and on his own account. The defendant's evidence tended to show that the plaintiff acted for himself and W. in making the sale. *Held*, that the plaintiff's right to maintain suit in his own name alone, depended upon how, in fact, he sold the lumber, which was a question for the jury, and that a charge that the suit was rightly brought, was erroneous.

GENERAL ASSUMPSIT to recover for a certain quantity of spruce and hemlock lumber. Trial by jury, September term, 1873, BARRETT, J., presiding.

The plaintiff's evidence tended to show that he and one Walsh owned a farm together in Dummerston, and that in the winter of 1871–2, they got out a quantity of spruce and hemlock logs from

said farm, sufficient to make about 30,000 feet of lumber, and drew them to the mill of one Stockwell, in said Dummerston; that before it was sawed, the plaintiff bargained the lumber to the defendant, to be delivered at the defendant's lumber yard in Brattleboro, during the summer of 1872, for which the defendant was to pay $16 per thousand for the spruce, and $12 for the hemlock, part on July 1, 1872, and the balance when the lumber was all delivered; that in the month of June, the plaintiff commenced delivering said lumber, and up to July 1st had delivered the amount charged in his specifications; that upon the delivery of the last load July 1st, the plaintiff called on the defendant for some money, and defendant refused to pay him any until all the lumber had been delivered, and informed him that he should pay but $12 per thousand for the hemlock lumber, whereupon the plaintiff refused to deliver any more lumber, and demanded payment for what had been delivered, and, upon the defendant's refusal to pay him, brought this suit.

The defendant's evidence tended to show, that he purchased the lumber of the plaintiff and Walsh; that his negotiations for the purchasing were all had with the plaintiff; that under the contract, they were to deliver the lumber at his lumber yard in Brattleboro in June and July, 1872, for which he was to pay them $16 for the spruce and $12 for the hemlock, the same to be sound and merchantable, and that upon the delivery of the whole, he was to pay them a portion of the money, and the balance within two months thereafter; that up to July 1st, they had delivered the amount charged in the plaintiff's specifications; that on that day, the plaintiff informed him that he had been offered by another man $13 per thousand for their hemlock lumber, and that unless the defendant would agree to pay that price, they should deliver him no more; that the defendant refused to pay the $13, or to advance any money for what had been delivered, whereupon the plaintiff notified the defendant that they should not deliver him any more of their lumber, and that they had not; and that a portion of the hemlock delivered by them, was unsound and unmerchantable.

The defendant's counsel insisted that the evidence showed that

the plaintiff and said Walsh were joint owners of the lumber sold to the defendant, or owned the same as copartners, and requested the court to charge, that if the jury found that the plaintiff and Walsh owned the lumber as copartners or joint owners, that the plaintiff could not maintain this action in his own name. The court declined to so hold : but, for the purposes of this trial, held and instructed the jury, that notwithstanding they should find that the lumber was owned by the plaintiff and Walsh jointly or as copartners, the action was well brought, and could be maintained in the name of the plaintiff alone ; to which the defendant excepted. The charge of the court in other respects was unexceptionable. Verdict for the·plaintiff.

*Clarke & Haskins*, for the defendant.

Persons are constituted copartners as between themselves, by a voluntary joining together of their money, goods, skill, labor, or any or all of them, upon an understanding that there shall be a communion of profit between them, and for the purpose of prosecuting any legal trade, business, or adventure. Collyer Part. § 3 ; Story Part. § 2 ; Petersd. Abr. Partnership, 102 ; *Bowman et al.* v. *Bailey*, 10 Vt. 170 ; *Griffith et al.* v. *Buffum et al.* 22 Vt. 181 ; *Duryeas* v. *Whitcomb*, 31 Vt. 395. A joint participation in the profits, will constitute two or more, copartners, as to third persons dealing with them, when they are not such as between themselves. Or if they conduct and hold themselves out, or suffer themselves to be held out, as such, they will be held to be copartners as to third persons. Petersd. Abr. Partnership, 103, 104, 105 ; *Kellogg* v. *Griswold*, 12 Vt. 291; *Stearns* v. *Haven et al.* 14 Vt. 540 ; *Hicks et al.* v. *Cram et al.* 17 Vt. 449 ; *Cottrill* v. *Vanduzen et al.* 22 Vt. 511·; *Brigham* v. *Dana*, 29 Vt. 1.

All actions, whether affecting copartners or otherwise, must be brought in the name of the party or parties whose legal rights have been affected, for whose benefit the contract was made, and in whom the legal interest in the subject-matter of the controversy, is vested. 1 Chit. Pl. 1, 2, 11 ; Saund. Pl. & Ev. 143, 701 ; Collyer Part. § 649 ; 1 Saund. 153 ; *Doe* v. *Staple*, 2 T. R. 685 ;

59

Leahey v. Allen.

*Dawes* v. *Peck*, 8 T. R. 330 ; *Anderson* v. *Martindale*, 1 East, 497 ; *Arlington* v. *Hinds*, 1 D. Chip. 431 ; *Warden* v. *Burnham*, 8 Vt. 390 ; *Hall* v. *Huntoon*, 17 Vt. 244.

The only cases wherein this general rule relating to the joinder of plaintiffs, has been relaxed by the courts, is in the matter of secret, silent, or dormant partners. They may or may·not be joined as party plaintiffs. Collyer Part. § 661 ; 1 Chit. Pl. 12 ; *Hillaker* v. *Loop*, 5 Vt. 116 ; *Lapham* v. *Green*, 9 Vt. 407 ; *Waite et al.* v. *Dodge et al.* 34 Vt. 181.

The case fails to show that Leahey had any authority from Walsh to dispose of the lumber in his own name, or to sue for it in his name alone. And if it did, it would not justify the bringing of this action in plaintiff's name alone. 1 Chit. Pl. 11, and cases cited.

It may be urged by counsel for plaintiff, that even though the action should have been brought in the name of both Leahey and Walsh, the defendant should have taken advantage of the nonjoinder by a plea in abatement. We understand such to be the inflexible rule of law in case of a nonjoinder of defendants. Also, that such is the general rule in case of a nonjoinder of plaintiffs in actions *ex delicto.* But that in actions *ex contractu* the rule is otherwise. The defendant may take advantage of the nonjoinder of plaintiffs under the general issue. Saund. Pl. & Ev. 702 ; 1 Chit. Pl. 12 a, n. 2 ; *Baker* v. *Jewell*, 6 Mass. 460 ; *Converse* v. *Symmes*, 10 Mass. 377 ; *Dob* v. *Hulsey*, 16 Johns. 34 ; *Park* v. *Pratt et al.* 38 Vt. 545 ; *Pitkin* v. *Roby*, 43 N. H. 138.

*C. N. Davenport*, for the plaintiff.

The court did not err in refusing to charge as requested. The action is properly brought in the name of the person to whom the promise was made, against. him who made and has broken it. *Boardman* v. *Keeler et al.* 2 Vt. 65 ; *Hilliker* v. *Loop*, 5 Vt. 116 ; *Bowman* v. *Bailey*, 10 Vt. 170 ; *Curtis* v. *Belknap*, 21 Vt. 433.

The court below gave unexceptionable instructions to the jury as to what facts they must find to enable plaintiff to sue in his own name, but refused to state a proposition which is not sound law.

The opinion of the court was delivered by

WHEELER, J. The plaintiff's evidence tended to show, that although he and Walsh owned the property sold together, he sold it to the defendant in his own name and on his own behalf. The defendant's evidence tended to show that the plaintiff acted in behalf of himself and Walsh in making the sale. Upon this state of the evidence, the request of the defendant, asking the court to hold that if the plaintiff and Walsh owned the lumber jointly, the plaintiff could not maintain this action, was not sound in law; for he could maintain the action if he made the sale in his own name and behalf, even though he and Walsh did own the property together. The charge of the court, that if they did own it together, the action was well brought, appears to have been excepted to. But, if they together owned the property sold, the action would not be well brought, unless the plaintiff dealt with the defendant as for himself alone in making the sale. The right to maintain this action, would turn on whether the plaintiff made the sale for himself alone or for himself and Walsh together. This question was not submitted to the jury. The charge making the right to maintain the action absolute, without having that question passed upon, was erroneous.

Judgment reversed, and cause remanded.